UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| TRAVIS PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-301-LEW |
| ) | |
| THE HANOVER INSURANCE ) | |
| GROUP, INC., a/k/a HANOVER ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant, ) | |

## **ORDER ON OUTSTANDING MOTIONS**

In this action, Plaintiff Travis Perry filed his five-count complaint alleging that Defendant Hanover Insurance improperly denied benefits under a marine insurance contract. On September 5, 2018, Defendant insured Plaintiff's 49-foot-long, commercial fishing vessel—the F/V ISLA AND GRAYSON—for up to $800,000. On August 22, 2019, the F/V ISLA AND GRAYSON was destroyed by fire while sitting on jack stands at Plaintiff's place of business in Harrington, Maine.

I am presented with two motions. Plaintiff moves to dismiss Count III without prejudice, citing the unsettled nature of the underlying legal theory and a lack of prejudice to the Defendant. Plaintiff's Motion to Voluntarily Dismiss Count III Without Prejudice (ECF No. 12). Defendant moves to dismiss Counts II, III, and V, with prejudice. Defendant's Motion to Dismiss (ECF No. 6).

For the following reasons, Plaintiff's Motion is GRANTED and Defendant's Motion is GRANTED IN PART.

## PLAINTIFF'S MOTION TO DISMISS COUNT III

Rule 41(a)(2) allows a plaintiff to voluntarily dismiss a claim "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The gravamen of my analysis is whether any other party will be prejudiced by the dismissal. "Accordingly, dismissal without prejudice is the norm, unless the court finds that the defendant will suffer legal prejudice." *Cabrera v. Esso. Std. Oil Co. P.R.*, 723 F.3d 82, 87 (1st Cir. 2013) (internal citations omitted).

Defendant will not suffer prejudice from a voluntary dismissal of Count III. While Defendant does have a pending motion to dismiss, discussed below, Defendant did not respond to Plaintiff's motion to dismiss Count III or explain any prejudice it would suffer from Count III's dismissal. Many of the elements that courts typically view as prejudice are not present here.[1] Plaintiff has been diligent in his filings, has provided adequate explanation for the need for a dismissal, and the Defendant has only expended a small amount of effort and expense thus far. Finally, in Defendant's Reply to Plaintiff's Opposition to Hanover's Motion to Dismiss (ECF No. 13), Defendant states "[g]iven Plaintiff's Motion to Dismiss Count III . . . Defendant will narrow its analysis in this Reply to Counts II and V." ECF No. 13 at 1. It appears Defendants are satisfied that Count III be dismissed without prejudice. I am, too.

---

[1] Typical sources of prejudice stem from "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Doe v. Urohealth Sys.*, 216 F.3d 157, 160 (1st Cir. 2000).

**DEFENDANT'S MOTION TO DISMISS (ECF NO. 6)**

Because I dismiss Count III, I will only consider Defendant's motion as it pertains to Counts II and V.

When deciding a motion to dismiss pursuant to Rule 12(b)(6), my goal is "to determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 71 (1st Cir. 2014) (internal citations omitted). In doing so, I must take all the well pleaded factual allegations as true and construe them in a light most favorable to the plaintiff. *Id.*

**A. Count II: Breach of the Covenant of Good Faith and Fair Dealing**

Defendant argues that Count II should be dismissed because Maine law—which controls because federal maritime law is silent on this issue—does not allow a claim for breach of the covenant of good faith and fair dealing to stand alone as an independent cause of action.

"Every maritime contract imposes an obligation of good faith and fair dealing between the parties in its performance and enforcement." *F.W.F., Inc. v. Detroit Diesel Corp.*, 494 F. Supp. 2d 1342, 1359 (S.D. Fla. 2007). However, as Judge Levy correctly found in *Rocque v. Zetty, LLC*, federal maritime law is silent as to whether a breach of the duty of good faith and fair dealing may stand as an independent cause of action. 456 F. Supp. 3d 257, 263 (D. Me. 2020). It is well settled that where maritime law is silent, state law may supplement it. *See Fairest-Knight v. Marine World Distribs., Inc.*, 652 F.3d 94, 98 (1st Cir. 2011). I agree with Judge Levy that because neither federal law nor Maine law provides an independent cause of action for breach of the duty of good faith and fair

dealing, the appropriate place to consider Plaintiff's good faith and fair dealing contentions is in the context of Count I, Plaintiff's claim for breach of a maritime contract of insurance. *Rocque*, 456 F. Supp. 3d at 263.

Plaintiff argues that federal maritime law is not silent on the issue and I should not look to Maine law to supplement my analysis. I am not persuaded by this argument. Plaintiff relies on *Federal Insurance Company v. Speedboat Racing Ltd.* for the proposition that federal maritime law allows a separate cause of action for breach of the covenant of good faith and fair dealing. 200 F. Supp. 3d 312 (D. Ct. 2016). In *Speedboat*, the court exhaustively discussed the intersection of federal maritime law and state law while analyzing whether a breach of the covenant of good faith and fair dealing can support an independent cause of action. The court ultimately decided that Connecticut law applied to the question and state law permitted the independent action. *See id.* at 343-45. Similarly, I have looked to state law for the answer.

Plaintiff also argues that the Law Court's decision in *Marquis v. Farm Family Mutual Insurance Company* is not applicable to the facts of this case. 628 A.2d 644 (Me. 1993). In *Marquis* the Law Court "refuse[d] to recognize an independent tort of bad faith resulting from an insurer's breach of its duty to act in good faith and deal fairly with an insured." *Id.* at 652. While the Law Court reasoned that "[a]llowing, in addition, an independent tort action in cases [governed by 24-A M.R.S.A. § 2436 and § 2436-A] might well thwart the legislature's intent to craft a comprehensive insurance code, and could subject insurance companies to multiple and inconsistent liability[]," *Id,* its holding is not contingent on this observation so that a new tort is otherwise recognized in all cases

outside the ambit of Maine's insurance code. It is all but axiomatic among insurance law enthusiasts that "the tort of bad faith is not recognized under Maine law." *Id.* The Law Court's musings about why that might be so from a canonical or policy perspective does not create the tort in this case.

I conclude that federal maritime law is silent on this issue and that, under Maine law, a violation of the obligation of good faith and fair dealing cannot sustain an independent cause of action. Thus, Count II will be dismissed. However, Plaintiff's allegations concerning the alleged lack of good faith and fair dealing may be considered in the context of his breach of contract claim (Count I) and claim for declaratory judgment (Count IV).

### B. Count V: *Uberrimae Fidei*

In Count V Plaintiff takes yet another tack to advance a claim for breach of good faith, this time by deploying Latin in the cause. In the common law, "insurance policies are traditionally contracts uberrimae fidei," *Stipcich v. Metro. Life Ins. Co.*, 277 U.S. 311, 316 (1928), meaning contracts of "utmost good faith."

Defendant argues "[t]he doctrine of *uberrimae fidei* creates a duty for the insured, not the insurer." Def.'s Mot. at 7. It is unequivocal, however, that *uberrimae fidei* creates a reciprocal duty on all parties of a marine insurance contract to "accord the other the highest degree of good faith." *Certain Underwriters at Lloyds v. Inlet Fisheries, Inc.*, 389 F. Supp. 2d 1145, 1171 (D. Alaska 2005). Once an insurer issues a marine insurance policy, "the insurer is bound by the doctrine and must act in utmost good faith with respect to its

dealings with the insured." *Id.* Because I find that the doctrine of *uberrimae fidei* imposes a duty upon Defendant, I reject this argument.

Defendant next argues that, in the First Circuit, the doctrine has only ever been applied against the insured. Defendant posits that this is because the insured lacks any cognizable remedy under *uberrimae fidei*. This explanation trips on its way out of the batter's box. In *Commercial Union Ins. Co. v. Flagship Marine Services Inc.*, the Southern District of New York granted the plaintiff's breach of contract claim because it found the insurance company breached their duty under *uberrimae fidei.* 982 F. Supp. 310, 313-14 (S.D.N.Y. 1997). I decline here, on a motion to dismiss, to reject the existence of an insurer's duty under the *uberrimae fidei* doctrine on the basis that, in the First Circuit at least, an insured lacks a remedy for its breach.

Finally, Defendant argues that a violation of *uberrimae fidei* cannot stand as an independent cause of action. I cannot find and the Plaintiff does not point me to any decision in which a court has allowed *uberrimae fidei* to stand as an independent cause of action. The more common scenario appears to be courts using *uberrimae fidei* to inform a party's breach of contract claim. *See*, *e.g.*, *Commercial Union Ins. Co. v. Flagship Marine Servs.*, 982 F. Supp. 310, 313-14 (S.D.N.Y. 1997) (discussing the insurer's duty and breach of *uberrimae fidei* and granting the insured's breach of contract counterclaim). This is the more common-sense approach. Once a marine insurance contract is formed, the insurer is bound to act in the utmost good faith and its actions, in relation to the other party's interests under the contract, must be examined against this backdrop. *Inlet Fisheries*, 389 F. Supp. 2d at 1171. While the duty to disclose all pertinent facts attaches before the policy is issued,

*uberrimae fidei* does not "come into play until such time as the policy is actually issued." *Id.* This reflects the fact that any cause of action claiming a violation of *uberrimae fidei* is a function of a party's actions in relation to its duties under the contract. Otherwise, *uberrimae fidei* would "come into play" prior to the formation of the contract and provide a cause of action independent of the marine insurance contract.

Although the breach of *uberrimae fidei* can be attendant to a breach of contract claim, it cannot stand as an independent cause of action.

## CONCLUSION

Plaintiff's Motion to Voluntarily Dismiss Count III (ECF No. 12) is GRANTED. Defendant's Motion to Dismiss (ECF No. 6) is GRANTED IN PART. Count III is DISMISSED WITHOUT PREJUDICE. Counts II and V are DISMISSED as independent claims. However, Plaintiff may advance those theories in support of Count I (breach of contract) and Count IV (declaratory judgment).

**SO ORDERED.**

Dated this 8th day of February 2021.

                                                    /s/ Lance E. Walker
                                                UNITED STATES DISTRICT JUDGE