UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| TRAVIS PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:20-cv-00301-LEW |
| | ) |
| THE HANOVER INSURANCE | ) |
| GROUP, INC., a/k/a HANOVER | ) |
| INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION TO TAKE TRIAL DEPOSITION

Plaintiff Travis Perry requests leave to depose for trial Megan Mello, a former claims adjuster for Defendant Hanover Insurance Company, or in the alternative to take her testimony during trial by video. Request to Take Trial Deposition (ECF No. 82). Megan Mello both adjusted the fire loss claim that underlies this coverage dispute and signed under oath Defendant's responses to Plaintiff's requests for admissions and interrogatories. Despite Ms. Mello's involvement in the claims process and Defendant's discovery response, Plaintiff did not depose Ms. Mello within the discovery period set out in the Scheduling Order, despite two extensions thereof. Now, on the eve of trial, and months after the close of discovery, when Ms. Mello is no longer Defendant's employee, Plaintiff seeks leave to do so.

Rule 16 provides: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Absent a showing of good cause or special circumstances, a party who neglects to act within the parameters of the court's pretrial

scheduling order does so at his peril. *Flores-Silva v. McClintock-Hernandez*, 710 F.3d 1, 5 (1st Cir. 2013). "The 'good cause' standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Id.* at 3. Plaintiff's motion lacks a factual presentation that might be considered a showing of good cause. This alone is cause for denial of his request to depose Ms. Mello.

Plaintiff's alternative request, to call and examine Ms. Mello at trial using videoconferencing with the assistance of a court in Massachusetts, where Ms. Mello resides, is similarly unavailing. As Judge Torresen observed in *Official Committee of Unsecured Creditors v. Calpers Corporate Partners LLC*, No. 1:18-cv-68-NT, 2021 WL 3081880 (D. Me. July 20, 2021), a court order to compel a witness to provide trial testimony by this means should be justified by "good cause in compelling circumstances." *Id.* at *3 (quoting Fed. R. Civ. P. 43(a) and advisory committee note to 1996 amendment). The existence of good cause is not apparent. Nor are the circumstances in any way compelling as they are simply the product of Plaintiff's inaction during the discovery phase of the case.

For the foregoing reasons, Plaintiff's request is DENIED.

**SO ORDERED.**

Dated this 24th day of February, 2022.

                                          /s/ Lance E. Walker
                                      UNITED STATES DISTRICT JUDGE