UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| TRAVIS PERRY, )<br>                       )<br>      Plaintiff, )<br>                       )<br>    v.                 )<br>                       )<br>THE HANOVER INSURANCE )<br>GROUP, INC., a/k/a HANOVER )<br>INSURANCE COMPANY, )<br>                       )<br>      Defendant. ) | No. 1:20-cv-00301-LEW |

### **ORDER ON MOTIONS IN LIMINE**

Defendant, the Hanover Insurance Group, Inc., has filed two motions in limine relating to the deposition transcript of Cody Lesbines, a former employee of Plaintiff Travis Perry. Hanover argues, first, that Lesbines' deposition transcript is admissible even if Lesbines does not testify, see Def.'s Second Mot. 6–7; and second, that Lesbines' invocation of the Fifth Amendment privilege against self-incrimination should give rise to an adverse inference against Plaintiff, see Def.'s Mot. 3–6. I will grant both requests.

#### BACKGROUND

Lesbines was Plaintiff's longtime employee who worked as sternman on Plaintiff's lobster boat, the *Isla & Grayson*. On the morning that the *Isla & Grayson* caught fire, Lesbines had assisted Plaintiff in conducting repairs on the boat and was the last person to leave the boat prior to its sudden and ruinous engulfment in flames. Because of his temporal and physical proximity to the fire, Lesbines was interviewed multiple times by fire

investigators employed by Defendant. After the commencement of this lawsuit, Defendant deposed Lesbines, during which Lesbines invoked his Fifth Amendment privilege against self-incrimination in response to nearly every question. *See* Def.'s Mot. 2–3 (ECF No. 71). Shortly thereafter, Defendant asserted a third-party claim against Lesbines alleging that he had conspired with Plaintiff to commit insurance fraud by intentionally destroying the *Isla & Grayson*. *See* Third Party Compl. (ECF No. 30). However, Defendant subsequently voluntarily dismissed the claim against Lesbines, ending his involvement as a party in this case. *See* Notice Vol. Dismissal (ECF No. 39).

In preparation for trial, Defendant moved to preclude Lesbines from testifying at trial and sought to establish that Lesbines' invocation of the Fifth Amendment could give rise to an adverse inference against Plaintiff. *See generally* Def.'s Mot. Lesbines, through his attorney, then indicated his intention to invoke the Fifth Amendment privilege against self-incrimination in response to any questions should he be called as a witness at trial. *See* Def.'s Second Mot. 4 (ECF No. 73). In response, Defendant filed a second motion in limine seeking to establish that the transcript of Lesbine's deposition is admissible even if he does not testify at trial. *See generally* Def.'s Second Mot.

## DISCUSSION

As an initial matter, the transcript of Lesbines' deposition is admissible even if Lesbines does not testify. The Federal Rules of Civil Procedure permit the introduction of a deposition by a non-testifying witness if the witness is unavailable and "exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used." Fed. R.

Civ. P. 32(a)(4)(E). As Lesbines has asserted his Fifth Amendment right against self-incrimination, he is unavailable to testify.[1] *See* Fed. R. Evid. 804(a)(1). And because there is no other party whose live testimony can substitute for Lesbines' unique role in this case, the interest of justice is best served by admitting the transcript here. *See Emmi v. DeAngelo*, 261 F. Supp. 3d 556, 560 (E.D. Pa. 2017) (finding declarant's unavailability due to spousal immunity to be an "exceptional circumstance"). While this is admittedly a close question, the "liberal thrust" of the Federal Rules of Evidence embodies a presumption in favor of admitting evidence. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169 (1988). Nor does the rule against hearsay bar the admission of the transcript, because Rule 32 "creates an independent exception to the hearsay rule." *Carey v. Bahama Cruise Lines*, 864 F.2d 201, 204 (1st Cir. 1988). In any event, Plaintiff waived any objection to the transcript's admissibility by failing to address the issue in his brief in opposition beyond a "perfunctory" statement "raised only in a footnote." *Nat'l Foreign Trade Council v. Natsios*, 181 F.3d 38, 60 n.17 (1st Cir. 1999), *aff'd sub nom. Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363 (2000).

It is also appropriate to draw an inference against Plaintiff based on Lesbines' invocation of the Fifth Amendment privilege during the deposition. In determining whether a non-party's invocation of the Fifth Amendment privilege supports the drawing of an adverse inference against a party in interest, courts in this circuit look to four "non-exclusive" factors: "(1) the nature of the relevant relationship between the relevant parties;

---

[1] Because Lesbines has expressed his intent to invoke the Fifth Amendment privilege should he be called to testify at trial, Defendant's request to exclude his live testimony, *see* Def.'s Mot. 6–9, will be denied without prejudice.

3

(2) the degree of control of the party over the non-party witness; (3) the compatibility of the interests of the non-party witness and the party in the outcome of the litigation; and (4) the role of the non-party witness in the litigation." *Alvarado-Solivan v. Comision Estatal de Elecciones*, No. 16-cv-1458-GAG, 2021 WL 3184594, *1 (D.P.R. July 28, 2021) (Gelpi, J.) (indirectly citing *LiButti v. United States*, 107 F.3d 110, 123–24 (2d Cir. 1997)). This inquiry ultimately turns on "whether the adverse inference is trustworthy under all of the circumstances and will advance the search for the truth." *LiButti*, 107 F.3d at 124.

The *LiButti* factors support the drawing of an adverse inference against Plaintiff. First, as Plaintiff's former employee, Lesbines likely possesses some latent "loyalty to" Plaintiff that makes him "less likely . . . to render testimony [that would] damage the relationship." *LiButti*, 107 F.3d at 123. *See also Brookridge Funding Corp. v. Aquamarine, Inc.*, 675 F. Supp. 2d 227, 234 (D. Mass. 2009) (concluding that adverse inference can be drawn against party based on former employee's invocation of Fifth Amendment). Second, and relatedly, Plaintiff exercised "control" over Lesbines "in regard to the key facts and general subject matter of the litigation"—namely, Lesbines' actions leading up to the fire. *LiButti*, 107 F.3d at 123. *See also United States v. $62,552.00 in U.S. Currency*, No. 03-cv-10153-RBC, 2015 WL 251242, at *8 (D. Mass. Jan. 20, 2015) (concluding that employer "controlled [employee's] actions *vis-a-vis* the business"). To the extent that Lesbines' testimony about conduct that occurred during the course of his employment was incriminating or inculpatory, it would likely be equally inculpatory for Plaintiff insofar as Lesbines' acts could be imputed to him under a theory of vicarious liability. It follows that the inferences arising from Lesbines' refusal to render self-incriminating testimony can

4

likewise be imputed to Plaintiff. The third factor—whether Plaintiff and Lesbines share compatible interests "in the outcome of the litigation," *LiButti*, 107 F.3d at 123—cuts against drawing an adverse inference here, because Lesbines is not a beneficiary of the underlying insurance contract and does not have a stake in the outcome of this case. Finally, Lesbines' "role" as a former third-party defendant in the litigation, *id.*, strongly supports the drawing of an adverse inference against Plaintiff. *See Alvarado-Solivan*, 2021 WL 3184594 at *1–*2 (permitting adverse inference to be drawn where non-party witness was a defendant in other related claims).

On balance, these factors provide a sound epistemic basis for drawing an adverse inference against Plaintiff based on Lesbines' invocation of the Fifth Amendment right against self-incrimination.

## CONCLUSION

For the foregoing reasons, Defendant's Motion in Limine (ECF No. 71) is GRANTED in part and DENIED WITHOUT PREJUDICE in part, while Defendant's Second Motion in Limine (ECF No. 73) is GRANTED.

**SO ORDERED.**

Dated this 28th day of February, 2022.

                                                  /s/ Lance E. Walker
                                                  UNITED STATES DISTRICT JUDGE