UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| TRAVIS PERRY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE HANOVER INSURANCE )<br>GROUP, INC., a/k/a HANOVER )<br>INSURANCE COMPANY )<br>)<br>Defendant. ) | No. 1:20-cv-00301-LEW |

## **ORDER RESPECTING DAMAGES**

On August 9, 2022, I found Defendant Hanover Insurance Company in breach of its contract of insurance and liable to Plaintiff Travis Perry for his losses. Decision and Order (ECF No. 121). On August 9, 2022, by docket entry (ECF No. 122), I ordered the parties to submit briefs if the parties believed there were outstanding disputes with respect to damages or the award of attorneys' fees. Following review of the parties' submissions (ECF Nos. 123 & 124), I now resolve the outstanding issues.

### BACKGROUND

The relevant factual background is set forth in my August Decision and Order. Of note is that while I did find Defendant in breach of its contract of insurance, I also found that "Hanover Insurance Company did not fail to disclose any material information to Perry or otherwise breach the duty of good faith and fair dealing associated with maritime insurance contracts[.]" Decision and Order at 15.

## DISCUSSION

In admiralty law, full compensation has long been recognized as a basic principle. *City of Milwaukee v. Cement Div., Nat. Gypsum Co.*, 515 U.S. 189, 195-96 (1995); *Stand. Oil Co. of New Jersey v. S. Pac. Co.*, 268 U.S. 146, 158 (1925). "[T]he Judiciary has traditionally taken the lead in formulating flexible and fair remedies in the law maritime[.]" *United States v. Reliable Transfer Co.*, 421 U.S. 397, 409 (1975).

At issue here are the policy-based coverage award, the rate and start date for prejudgment interest, the availability of attorney's fees, and costs.

A.  **HANOVER POLICY COVERAGE**

There is no dispute between the parties as to the value under the Hanover policy. The parties agree to the provided $800,000 in Hull coverage, which extends coverage for property damage to the insured vessel.

B.  **PREJUDGMENT INTEREST**

Generally, while the admiralty court has the discretion to grant or deny prejudgment interest, interest should be granted absent any "peculiar circumstances." *New Bedford Marine Rescue, Inc. v. Cape Jeweler's Inc.,* 240 F. Supp. 2d 101, 119 (D. Mass. 2003). *See also Grande v. St. Paul Fire & Marine Ins. Co.*, 460 F. Supp. 2d 163 (D. Me. 2006). The rationale is to "ensure that an injured party is fully compensated for its loss." *City of Milwaukee*, 515 U.S. at 195. "By compensating for the loss of use of money due as damages from the time the claim accrues until judgment is entered, an award of prejudgment interest helps achieve the goal of restoring a party to the condition it enjoyed before the injury occurred." *Id.* at 196 (internal quotation marks and citations omitted).

Both parties presume that prejudgment interest will be awarded in this case. They dispute the rate of interest and the start date for the calculation of interest.

### 1. *Rate of Interest*

The Plaintiff submits that the applicable interest rate should be no less than the rate at which Plaintiff was charged on funds borrowed in response to the fire (4.9%), reiterating the goal set out in *City of Milwaukee* to fully compensate the prevailing party for the use of funds found to be rightfully his. Plaintiff argues that the prejudgment interest should be calculated using a rate of 6.5%, explaining that this rate would take into account a balancing of all the equities including the borrowing of attorney fees and the cost of contesting two loan-related legal actions.

Defendant counters that the formulation of the prejudgment interest in *Grande* should be followed, setting the interest rate by the Maine statute, 14 M.R.S. §1602-B. *Grande*, 460 F. Supp. 2d at 167. Defendant points out that although Congress has enacted a statute governing the award of post judgment interest in federal litigation, 28 U.S.C. § 1961, there is no corresponding statute for prejudgment interest. *See City of Milwaukee*, 515 U.S. at 194. The Court in *City of Milwaukee* clarified that even though there is no established legislation, this absence merely indicates that the issue should be governed by "traditional judge-made principles." *Id.*

"While a federal court is not bound by the forum's local rate of interest, it is well established that it may use the law of the forum as its guide." *United States v. M/V Zoe Colocotroni*, 602 F.2d 12, 14 (1st Cir. 1979). Other judges in this district have relied on this guide. *See Grande*, 460 F. Supp. 2d 163 (Woodcock, J.); *Nat'l Starch & Chem. Trading*

3

*Co. v. M/V STAR INVENTANA*, No. 2:05-CV-91-GZS, 2006 WL 3519306 (D. Me. 2006) (Singal, J.).

Plaintiff does not argue any circumstances that would distinguish this case from prior decisions that would call me to stray from this approach. Plaintiff points to continued payment of the loan on the boat that was destroyed by the fire, attorneys' fees, payment of a loan for the construction of a new boat, and the securing of a mortgage for a bait building which would not have been necessary if Defendant had paid as required. As noted earlier, I found that Defendant did not act in bad faith, thus making these argued factors no different from a classic dispute over insurance funds. Furthermore, most of the added debt service Plaintiff references (the *Isla & Grayson II* and the bait business) he committed to before the loss, even though his effort to sell the original *Isla & Grayson* had not proved promising. For these reasons, I will award prejudgment interest in the amount set by Maine's "interest before judgment" statute, 14 M.R.S. § 1602-B.

Under the statute, "prejudgment interest is allowed at the one-year United States Treasury bill rate plus 3%." *Id.* §1602-B(3). The "'one-year United States Treasury bill rate' means the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the last full week of the calendar year immediately prior to the year in which prejudgment interest begins to accrue." *Id.* § 1602-B(3)(A).

### 2. *Prejudgment Interest Accrual Date*

Although I have borrowed from the Maine statute to determine an appropriate rate

of prejudgment interest, I decline to follow the Maine statute's accrual rule[1] and will instead follow the *City of Milwaukee* accrual rule. As recommended by the Supreme Court, awarding prejudgment interest from the time the claim accrues until judgment enters "helps achieve the goal of restoring a party to the condition it enjoyed before the injury occurred." 515 U.S. at 196. Because I do not see cause in Defendant's brief to start prejudgment interest as of any other claim accrual date, I award prejudgment interest as of the date of the loss, August 22, 2019.

### C. Recoverable Costs

#### 1. *Attorney Fees*

"The general rule in admiralty is that attorneys' fees are not recoverable by the prevailing party." *Delta S.S. Lines, Inc. v. Avondale Shipyards, Inc.,* 747 F.2d 995, 1011 (5th Cir. 1984). However, the court has equitable powers to assess costs when appropriate. *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 250 (1st Cir. 1985). Under admiralty law, an appropriate situation to award attorneys' fees may be when a party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons[.]" *Id.* (quoting *F.D. Rich Co., Inc. v. U.S. for Use of Indus. Lumber Co., Inc.,* 417 U.S. 116, 129 (1974)).

There was no breach of the duty of good faith and fair dealing in this case, and nothing in the record convinces me that an exercise of this "equitable power" is appropriate to stray from the general rule of declining to award attorneys' fees.

Additionally, "[u]nder Maine law, [a] court may award attorney fees based on the

---

[1] According to the Maine prejudgment statute, prejudgment interest accrues from the earliest of either service upon the defendant of a notice of claim setting forth the cause of action under oath or the date on which the complaint is filed. 14 M.R.S. §1602-B(5).

following: (1) the contractual agreement of the parties, (2) clear statutory authority, or (3) the court's inherent authority to sanction egregious conduct in a judicial proceeding." *Grande*, 460 F. Supp. 2d at 168 (quoting *Baker v. Manter,* 2001 ME 26, ¶ 17, 765 A.2d 583, 586 (internal citation omitted)). The parties have given me no reason to believe that the insurance policy provided for the recovery for attorneys' fees, that there is any applicable statutory authority for such an award, or that there was any sort of bad faith dealings that should be considered. Because of this, attorneys' fees are not awarded to the Plaintiff.

### 2. Bill of Costs

Federal Rule of Civil Procedure 54(d)(1) instructs that "costs—other than attorney's fees—should be allowed to the prevailing party." The prevailing party is entitled to an award of taxable costs under 28 U.S.C. § 1920. As prevailing party, Plaintiff is entitled to an award of his costs. Plaintiff will submit a bill of costs and the Defendant may respond. Plaintiff is further awarded post-judgment interest in accordance with 28 U.S.C. § 1961.

## CONCLUSION

Plaintiff Travis Perry is awarded $800,000 against Defendant Hanover Insurance Company for his loss of the insured vessel, *Isla & Grayson*, along with prejudgment interest based on the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the last full week of 2018, plus 3%, with an accrual date of August 22, 2019. Appropriate costs, but not attorney's fees, will be awarded to Plaintiff upon submission of a bill of costs.

The Clerk with enter judgment accordingly.

**SO ORDERED.**

Dated this 5th day of October, 2022.

                                            /s/ Lance E. Walker
                                            UNITED STATES DISTRICT JUDGE